```
CARL H. OSAKI       4008-0
Attorney At Law, A Law Corporation
Town Tower #17G
225 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666
carl@chosaki.com

Attorney for Plaintiff
GLENN SEXTON
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLENN SEXTON,<br><br>  Plaintiff,<br><br>  vs.<br><br>XEROX CORPORATION,<br><br>  Defendants. | CIVIL NO. 1:24-cv-188<br><br>COMPLAINT |

<u>COMPLAINT</u>

Plaintiff Glenn Sexton ("Sexton"), by and through his counsel, complains against Defendant Xerox Corporation ("Xerox"), as follows:

1. At all times relevant herein, Plaintiff was a citizen of Hawaii.

2. At all times relevant herein, Xerox was a New York corporation with its headquarters located in Norwalk, Connecticut, with sufficient contacts with Hawaii to confer personal jurisdiction over it.  Xerox was the employer of Sexton.

3.   At all times relevant herein, MRC Technology Solutions, Inc. ("MRC") was a California corporation with its headquarters located in San Diego, California, with sufficient contacts with Hawaii to confer personal jurisdiction over it, and which identifies itself as "a Xerox Company," and upon information and belief, was the authorized agent of Xerox.

## Jurisdiction and Venue

4.   This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different States, and the matter in controversy exceeds the sum of $75,000.00.  This Court has supplemental jurisdiction over the state law claims asserted.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) because Xerox resides in the District of Hawaii, and 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the District of Hawaii.

## Background Facts

6.   Sexton was employed by Xerox for forty-three years at the time that his employment was terminated on February 29, 2024.

7.   At the time of the termination of his employment, Sexton was the president of Xerox Hawaii.

8. At the time of the termination, Sexton was offered twelve weeks' compensation to release all claims against Xerox arising from the termination. Sexton did not accept this offer.

9. At the time of the termination of his employment, Sexton was the top performer in his category in the western region in 2023, and was the top performer in his category in the western region for the first two months of 2024.

10. Under Sexton's leadership, Xerox Hawaii historically contributed approximately 25-33% of the revenue of the western region, despite being a smaller market compared to California, Washington, Oregon, and Nevada.

11. Sexton helped to shepard Xerox Hawaii through the aftermath of the November 2, 1999 mass killings at the Xerox facilities.

12. In or about early 2019, Sexton indicated that he intended to resign from his employment with Xerox. Thereafter followed communications in which Xerox expressed its interest in maintaining Sexton's employment relationship.

13. On March 29, 2019, Sexton received a written offer from Xerox, through Aron Eldridge who identified himself as the director of human resources, under the letterhead of MRC ("Offer"). Among other promises and proposals, the Offer proposed an increase in Sexton's compensation to $21,666.67 per

month, or $260,000.00 per year, to be effective as of April 1, 2019.

14. The consideration for this increase was Sexton's commitment to continue his employment with Xerox, at least through the end of 2019.

15. Sexton accepted the Offer on March 29, 2019 ("Acceptance"). The Offer and Acceptance are collectively referred to as the "Contract."

16. Sexton remained employed at Xerox throughout 2019, and beyond.

17. Xerox failed to pay Sexton all of the increase in monthly and annual compensation as set forth in the Contract.

18. Sexton inquired of his then-supervisor, Bob Leone ("Leone"), as to why Xerox was not honoring the Contract and fully paying Sexton his monthly compensation. There was no response from Xerox to this inquiry from Sexton.

19. Sexton again inquired of his supervisor after Leone, as to why Xerox was not honoring the Contract and fully paying Sexton his monthly compensation. This second inquiry occurred when Xerox raised Sexton's monthly compensation, although the increase was still not in accordance with the terms of the Contract. Again, there was no response from Xerox to this inquiry from Sexton.

20.   Subsequently, Sexton inquired to the human resources department, as to why Xerox was not honoring the Contract and fully paying Sexton his monthly compensation.  Once again, there was no response from Xerox to this inquiry from Sexton.

21.   From April 1, 2019, through March 15, 2024, and with each monthly pay period, Xerox failed to fully pay Sexton his monthly compensation, to which he was entitled pursuant to the Contract.

## COUNT I
### (Breach of Contract)

22.   Sexton realleges and repeats paragraphs 1 through 21, above, as if fully set forth herein.

23.   The Contract is a binding and enforceable agreement between Sexton and Xerox.

24.   Xerox has materially breached the Contract by failing to compensate Sexton in accordance with the terms of the Contract.

25.   Xerox's material breaches of the Contract have caused damages to Sexton.

26.   As a result of Xerox's material breaches of the Contract, Sexton has been damaged in amounts to be proved at trial.

## COUNT II
### (Accounting)

27. Sexton realleges and repeats paragraphs 1 through 26, above, as if fully set forth herein.

28. Xerox is in possession of information necessary to calculate compensation due to Sexton, under the terms of the Contract.

29. Sexton is entitled to an accurate accounting of compensation that is owed to him under the terms of the Contract.

## COUNT III
### (Unpaid Wages: Chapter 388)

30. Sexton realleges and repeats paragraphs 1 through 29, above, as if fully set forth herein.

31. From March 29, 2019, through March 15, 2024, there was no equitable justification for Xerox not to compensate Sexton fully, under the terms of the Contract.

32. Sexton is entitled to recover the unpaid compensation under the Contract, as provided by Section 388-10 of the Hawaii Revised Statutes.

33. Sexton is entitled to recover a penalty in an amount equal to the unpaid compensation, as provided by Section 388-10 of the Hawaii Revised Statutes.

34. Sexton is entitled to recover a penalty of statutory interest on unpaid compensation from the time that

such compensation was due, as provided for by Section 388-10 and Section 388-11 of the Hawaii Revised Statutes.

  25. Sexton is entitled to recover reasonable attorneys' fees, costs of action, and costs of fees of any nature, all as provided for by Section 388-11 of the Hawaii Revised Statutes.

  WHEREFORE, Sexton prays as follows:

  A. For damages to be proven at trial;

  B. For full recovery pursuant to Chapter 388 of the Hawaii Revised Statutes;

  C. For an accounting of compensation owed; and

  D. For all other relief that is just and proper.

  DATED: Honolulu, Hawaii  April 25, 2024.

/s/ Carl H. Osaki
CARL H. OSAKI
Attorney for Plaintiff
GLENN SEXTON

Case 1:24-cv-00188-MWJS-RT     Document 1     Filed 04/25/24     Page 8 of 8  PageID.8